[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15190
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20441-KMM-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO MENA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 9, 2018)

Before MARCUS, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Alejandro Mena appeals his 27-month sentence, which reflected a two-level

sentencing enhancement and two-level reduction, imposed after pleading guilty to

one count of conspiracy to commit health care fraud and wire fraud, in violation of

18 U.S.C. § 1349.  Mena was sentenced at the same time as four other co-defendants, all of whom were involved in the same conspiracy to commit health care and wire fraud.[1]  On appeal, Mena argues that: (1) the two-level enhancement for use of a sophisticated means was improperly applied because he acted at the direction of his codefendants and did not use sophisticated means; and (2) a four-level role reduction should have applied for his minimal participation, rather than the two-level decrease he received for his minor participation.  The government responds that we should affirm the sentence because the district court pronounced that it would have imposed the same sentence even without the enhancement and role reduction, and the sentence is reasonable.  After thorough review, we affirm.

We review a district court's interpretation and application of the Sentencing Guidelines de novo and its underlying factual findings for clear error.  United States v. Doe, 661 F.3d 550, 565 (11th Cir. 2011).  However, when the district court says that it would have imposed the same sentence despite any Guideline-calculation error, any error is harmless if the sentence would be reasonable even if the district court's Guidelines calculation was erroneous.  United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006).  Under this approach, we calculate the advisory Guideline range as it would have been had the district court decided the

---

[1] Today we also decide the companion case involving co-defendant Alejandro Sierra, No. 17-15202.

Guidelines issues in the defendant's favor and then assess the sentence's reasonableness in light of this hypothetical Guideline range.  Id. at 1349–50.

We review the totality of the facts and circumstances to determine whether a sentence was substantively reasonable.  United States v. Irey, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc).   The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[2]  The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision that is within its sound discretion.  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015). A sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily.  United States v. Pugh, 515 F.3d 1179, 1191-92 (11th Cir. 2008).   A sentence suffering from these symptoms is not per se unreasonable; rather, we examine the totality of the circumstances to assess its reasonableness.  Id. at 1192.  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)]

---

[2]     The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). A sentence imposed well below the statutory maximum is an indicator of a reasonable sentence. United States v. Stanley, 739 F.3d 633, 656 (11th Cir. 2014).

Here, we need not address Mena's challenges to the enhancement and role reduction applied to his sentence because the district court pronounced that it would have imposed the same sentence even without these calculations. See Keene, 470 F.3d at 1348. In relevant part, the district court said that if this Court, on appeal, were to determine that the district court's applications of the sophisticated means enhancement or minimal role reduction were incorrect, "I would impose the same sentence in any event." Thus, because the district court told us that the enhancement and reduction calculations made no difference to the sentence it imposed, our task is to ensure that the alternative sentence under 18 U.S.C. § 3553(a) is reasonable. Id. at 1348-49. Under the Sentencing Guidelines calculated without this two-level enhancement or the additional minimal role reduction, Mena's advisory Guideline range would have been 15 to 21 months' imprisonment. Mena received a 27-month sentence.

On the record before us, Mena's 27-month sentence was reasonable. According to the presentence investigation report ("PSI"), Mena was involved in a

conspiracy by lending his name as nominee owner listed for two pharmacies actually owned by co-defendant Orlando Olver Bustabad, who had employed nominal owners to conceal his true ownership of companies engaged in health care fraud. Mena was the registered agent and president of Maxi Pharmacy Discount Corp., which submitted about $671,158 in Medicare claims and was paid approximately $258,823 between May 10, 2016, and August 3, 2016. During this time frame, Mena made 25 cash counter withdrawals totaling about $184,881.39 from a Maxi bank account he owned and had sole signature authority over. Mena also was the registered agent and president of Mariposa Pharmacy & Discount Inc. from August 29, 2016, through November 1, 2016, which submitted about $423,928 in Medicare claims and was paid about $327,405. Mena also endorsed checks payable to Mariposa.

At Mena's sentencing hearing, he and four of his co-defendants -- including Bustabad, Idilsis Manresa, Sara Fernandez-Escobar, and Alejandro Sierra -- received their respective sentences. When sentencing Mena individually, the district court expressly detailed Mena's involvement in the conspiracy, reviewed his argument on mitigation -- including his age (19 years old) -- and noted that it had considered the § 3553(a) factors. The court explained that Mena contributed to the conspiracy by providing his name as the nominal owner listed for two different pharmacies to shield the owners' true identities and by conducting

5

transactions from the two pharmacies' bank accounts for the conspiracy's organizers.  The court observed that his offense involved a significant sum of money -- combining the fraud of both pharmacies, his role in the conspiracy targeted $ 972,020 in Medicare funds and the actual loss attributed to Mena was $586,228 -- out of an overall fraud of about $10 million.  Considering the important role Mena played in facilitating, concealing and executing the conspiracy, and the significant amount of money involved, Mena has not met his burden of showing that his 27-month sentence was unreasonable.  While Mena's 27-month custodial sentence is above the hypothetical, alternative Guidelines range, it is well below the 20-year statutory maximum sentence for violations of 18 U.S.C. § 1349.[3]  Accordingly, even under the alternative sentence and Guidelines range, the district court did not abuse its discretion by imposing a 27-month sentence, and we affirm.

   **AFFIRMED.**

---

[3] A conspiracy offense under § 1349 incorporates the statutory term of imprisonment from the underlying offense.  18 U.S.C. § 1349.  The statutory maximum term of imprisonment is 10 years for health care fraud and it is 20 years for wire fraud.  18 U.S.C. §§ 1343, 1347; see also United States v. Bergman, 852 F.3d 1046, 1077 n.8 (11th Cir. 2017).